65618. LONG v. CENTURY FINANCE OF EAST POINT.

POPE, Judge.

Plaintiff James R. Long was employed by defendant Century Finance of East Point (Century) as a loan office branch manager with duties including making loans and selling, in connection with the loans, credit insurance written by American Bankers Life Insurance Company (American Bankers). Century paid Long a salary plus certain bonuses.

Long filed suit against Century, alleging that he, as a licensed insurance agent for American Bankers, is entitled to the commissions paid to Century by American Bankers for contracts of insurance procured by him. His argument is essentially that Century is not a licensed insurance agent; that OCGA § 33-23-2(c) (formerly Code Ann. § 56-803a(3)(a)) prohibits insurers from paying commissions to persons not holding a currently valid license to act as an insurance agent; and that it is therefore implied by law that he, as the licensed insurance agent generating the commissions, is entitled to them. The case is now before us following summary judgment for Century.

OCGA § 33-23-2(c) (Code Ann. § 56-803a) indeed provides: "No insurer or agent doing business in this state shall pay, directly or indirectly, any commission or any other valuable consideration to any person for services as an agent within this state, unless the person shall hold a currently valid license to act as an agent as required by the laws of this state." The very next subsection (and the very same subsection in the former Code), however, provides: "An insurer may pay a commission or other valuable consideration to, and a licensed insurance agent may share any commission or other valuable consideration with, an incorporated insurance agency in which all employees, stockholders, directors, or officers who solicit, negotiate, or effectuate insurance contracts are qualified insurance agents holding a currently valid license as required by the laws of this state." OCGA § 33-23-2(d) (formerly Code Ann. § 56-803a(3)(a)) (punctuation added); see also OCGA § 33-23-2(e) (formerly Code

Ann. § 56-803a(3)(b)).

It is undisputed that, in addition to being a licensed lender, Century is an incorporated insurance agency (see in this regard OCGA § 33-23-1(1) (formerly Code Ann. § 56-801a(7))) and that "[o]nly those employees of Century Finance and Century Acceptance Corporation who are Georgia Licensed Agents solicit, negotiate, or effectuate insurance contracts in Georgia." Thus, Century is clearly authorized by OCGA § 33-23-2(d) (Code Ann. § 56-803a) to receive and retain commissions from American Bankers and Long's argument to the contrary is wholly specious.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JUNE 28, 1983.

*Thomas K. Isaacs,* for appellant.
*Alan W. Connell,* for appellee.
*W. Rhett Tanner,* amicus curiae.